Dewey, J.
The present action was instituted against the Goodman Paper Manufacturing Company, a corporation doing business in the town of South Hadley, to recover a promissory note of $1,500, dated March 17, 1851, payable in four months, signed by J. W. Goodman, agent, payable to his own order, and by him indorsed as treasurer of the company
The writ was duly served on the corporation, and they made no defence, but suffered judgment by default.
At the request and under the direction of the plaintiffs, the officer who served the process upon the corporation, also served upon Alonzo Lamb, Thomas H. Moody, and Horace Jenks, severally, a summons as stockholders in said corporation. This summons was in each case directed to the corporation, and to the individuals above named, and was in the usual form of a separate summons to be served after an attachment of goods, or estate. There was nothing in the writ or declaration describing these individuals, or alleging that they were stockholders in the corporation, or giving any direction to the officer to serve the precept upon them.
The defendants, Lamb, Moody, and Jenks, at the first term severally moved that the action might be dismissed as to them, they not being properly parties, because the writ did not authorize any such service on them.
The court refused to dismiss the action as to these parties, and the correctness of that ruling presents the first' poinf raised in the present case. This question is new, and arises under the recent statute of 1851, c. 315, § 1, providing that “the person or property of any stockholder in a manufacturing corporation, shall not be hereafter taken upon any execution issued against such corporation, unless a summons in the action was left with said stockholder.” Prior to this statute, and under the Rev. Sts. c. 39, § 30, wherever such liability attached to the stockholders of a manufacturing company, to *579 pay the debts of the company, their persons and property might be legally taken on any writ of attachment or execution issued against the company. The proceeding was, as to the writ and execution, wholly a proceeding against the corporation, upon whom alone service was required to be made, and who alone could appear and defend the suit.
The statute of 1851, c. 315, requires a summons in the action to be left with the stockholder also, if the creditor would levy upon the property or body of such stockholder as liable individually. This statute requires in terms nothing more than a summons to be left with the stockholder. It prescribes no change in the form of the writ, or any recitals in the same that certain persons are stockholders, or that the stockholders are individually liable for the debts of the corporation.
In the naked manner in which the statute has left the mode of summoning individual stockholders, in a suit against the corporation, and in the absence of any rule of the court prescribing the forms of proceeding in such cases, and considering the-former practice of proceeding solely against the corporation, we think the objection taken here to the form of summoning individual stockholders cannot avail.
By Rev. Sts. c. 90, § 8, the forms of writs in civil actions shall be the same as heretofore established by law, and by the usage and practice of the courts; but alterations may be made or allowed by the courts when necessary to adapt them to changes in the law. The carrying into effect the provisions of the statute of 1851, c. 315, may, in the view of the court, justify and require a new form to be prescribed for the process that is to be issued in cases like the present. A very natural and appropriate form for such a suit, is found in the prescribed form of writs of foreign attachment or trustee process, as it is usually called, wherein, after the usual recitals and allegations charging the principal defendant, the plaintiff further alleges that A. B., (the supposed trustee,) has in his hands the goods, effects, and credits of the principal debtor, and the officer is ordered to summon the trustee to appear, &c. A similar form here, with the proper changes in the allegations, *580 would be well adapted to present the whole matter in an orderly form.
2. The next question is, whether the persons thus summoned in the case were stockholders in this corporation ?
If they were so, it is conceded that they have incurred the liability which attaches to individual stockholders by reason of the neglect of the corporation to have the whole amount of their capital stock paid in, and a proper certificate thereof filed, and recorded in the registry of deeds; and also by reason of the failure to give notice annually in some newspaper printed in the county, of the amount of existing debts, &c., as required in Rev. Sts. c. 38, §§ 16, 17, 22.
The eases of Lamb and Moody present similar objections and may be considered together. The plaintiffs produced the stock books of the corporation, on which were borne entries of the following tenor, “ February 26,1851. Be it known that Alonzo Lamb, of South Hadley, is proprietor of fifteen shares of the capital stock of The Goodman Paper Manufacturing Company, subject to their by-laws, the shares being transferable by the clerk on the company’s books on producing this certificate. J. W. Goodman, Clerk.”
Similar copies of certificates were entered on the same books of the shares holden by Moody, and in both cases on the call of the plaintiffs the originals were produced by the parties holding them. Neither of these parties were original subscribers for stock, but , held under purchases from prior stockholders, whose certificates had been surrendered prior to issuing those to the defendants. It was insisted on the part of these defendants that these certificates did not show any membership in the company, first, because there was no written instrument of transfer to them from the prior party holding the stock, such as required by Rev. Sts. c. 38, § 12, and St. 1846, c. 45 ; second, because the certificates described no particular shares of stock by numbers, as required by c. 38, § 10, and were not subscribed by the treasurer of the corporation.
If the question had arisen in another form, as for instance, if Lamb and Moody had claimed to be admitted as stockholders, and entitled to have their names so entered on the *581 books of the corporation and to receive dividends, and the cor« poration had refused to acknowledge them as such, or to pay these dividends, because of the want of a proper transfer from the prior owner of the shares, a different question would be presented for our consideration. But the facts show this to be a case where the corporation has conceded the correctness of the transfer from the prior owner; has accepted the defendants as legal stockholders; has entered their names on the stock books as such, and given them all the privileges of stockholders. The objections for want of a more formal transfer were waived by the corporation by issuing certificates and entering their names on the stock books as members, with the number of shares held by them, and this having been done with the concurrence, and at the request of Lamb and Moody, they must now be taken to be stockholders for the purpose of liabilities, as well as sharing in the anticipated profits to be divided among the members.
As to Jenks, the other defendant, he was a subscriber to the original stock, as appears by his subscription on the books of the corporation, and by the stock book was shown to be a member by an entry of his being such, and of the number of shares held by him, and he was also a director in the company, all which are quite sufficient to show his membership.
All these individuals are therefore shown to have been members on the 17th of March, 1851, and they continued to be such to the time of the commencement of the present action. Being members at the time of the making of the contract, and at the time of the institution of this suit, the case does not present any question as to what period of membership in reference to a particular debt a liability attaches.
3. The stockholders thus summoned, further contend, that the plaintiffs have no legal ground of action upon the note in controversy, as against the corporation.
They specify two grounds of defence as to the note. First, that it was executed by the agent, without any legal authority from the corporation to bind them. Second, that the note was discounted by the plaintiffs in violation of the banking laws of this commonwealth.
*582 With a view of presenting the ease fully for the whole court, this latter question was submitted upon the evidence to the jury, who found their verdict upon that point in favor of the plaintiffs.
Upon the other question, that of the authority of Goodman, the agent, to make and indorse this note, the facts were not controverted, and the question was one of the legal effect of these agreed facts, and that question the defendants seek now to raise, and they insist upon their right to a defence of the action upon an issue involving the general question of liability of the corporation upon this note, although the corporation itself admit their liability, and submit to a judgment against them by default.
Is this line of defence open to a stockholder, where, in an action against a manufacturing corporation, a summons in the action has been left with such stockholder, under the provisions of St. 1851, c. 315 ?
The first obvious remark is, that such defence by an individual stockholder, or member of any corporation, or a quasi corporation even, has not been allowed under the decisions and practice of this ' court prior to the enactment of the statute. It is the corporate body that is to defend suits brought against it, and not for individual members of the corporation to do it. Lane v. School District in Weymouth, 10 Met. 462, is direct to this point, and was only declaring a well known rule of law.
If the right now urged by the stockholders to open the defence generally to the action, as the corporation itself might do, can be maintained at all, it must be wholly under the provisions of the statute of 1851, c. 315. In § 1, it provides for leaving a summons in the action with the stockholders. § 2. “ Any stockholder with whom such' summons has been left shall be admitted to defend in any such action; and if it shall appear that he is not liable therein, judgment for him shall be entered upon the issue joined, and for his costs; and judgment may be entered in the same action against the said corporation, for damages and costs as upon a default.” Does this provision authorize a general defence to *583 the action ? In construing this new statute, it is proper to look at it as a remedial statute and ascertain what were the existing evils that may be reasonably supposed led to the enacting of a new law. The law had long existed in various forms, creating liabilities on the part of the stockholders of manufacturing corporations, for the debts of the corporation, and providing in certain cases for a levy of the execution against such corporation upon the body or property of its members. The law had presented no new or other forms of proceeding than the ordinary service on the corporation, and the obtaining a judgment against the corporation — with the execution issued upon such judgment, the creditor proceeded at once to levy upon the body, or property of a member of the company. But who were members, and how was this to be known ? Practically it came to this, that the creditor directed the officer to levy upon the body or property of any individual whom he alleged to be a member of the corporation, subject of course to liability to an action, if he levied on one not a member. But this mode of proceeding gave no previous opportunity to the party to be heard on the question of his membership, and required the officer to levy upon any member, as he was directed by the creditor, without any thing in his process to guide him, as to this or that individual person. It was earnestly contended for a time that such a levy upon an individual stockholder, without previous proceedings against him, without any hearing, or adjudication as to his membership, was in violation of the fundamental rights secured to the citizen by the constitution.
That argument did not avail, and the law came to be well settled that in those cases where liability attached to individual members of a corporation for the debts of the corporation, a judgment and execution against the corporation alone, was sufficient authority to justify a levy on the body or property of the individual member. Marcy v. Clark, 17 Mass. 331. There was we perceive a mischief supposed to exist, and one which might induce the legislature to enact, the law of 1851, c. 315. It was a sufficient reason for requiring a summons to be left with the stockholder that he might thus be *584 notified of the pendency of the action as well as for the further provision of the act that “ such stockholder may be admitted to defend in any such action, and if it shall appear that he is not liable therein, judgment for him shall be entered upon the issue joined.” As it seems to us, the supposed grievance to be remedied, and the provisions of the statute as to the defence by the stockholder, alike concur in leading to the result that the new remédy herein provided was that of giving the party the right to a hearing and adjudication upon the question of his being a member of the company, before a levy could be made upon his body, or property. Every defence bearing upon the question of his membership is open to him, if he elects to appear and contest it. If he does not so appear after a summons shall have been left with him, he voluntarily submits to any liability which may legally attach to him as such member. Beyond this, we think the statute does not contemplate a defence by him individually. The right to maintain the action against the corporation, is left as before, to be defended by the corporation itself, and not by an individual member.
Taking this to be a correct view of the subject, it was not open to the defendants, Lamb, Moody, and Jenks, to raise any question as to the liability of the corporation upon this note of hand executed by one claiming to be their authorized agent. The corporation by their default admitted the validity of the contract, and their liability upon it. That authorizes a judgment and execution therefor against the corporation, and the further inquiry open to the defendants was that of their liability as members of the company for the payment of a judgment against the corporation. The facts stated establishing such membership, the judgment is to be rendered against them on the issue as to membership.
4. Another suggestion of a different character was made,* that under the third section of this act, the property of the officers of the company must be first taken, if any, and if no such be found, then alone the property of the stockholders is liable to be taken. It is not necessary for us, in the present state of the case, to express any opinion as to the effect of this *585 section, whether it be merely cumulative, or what was its object and scope.
5. It was insisted on the part of the three defendants severally summoned in the case, that they had a legal right to separate trials before distinct juries. This was overruled by the presiding judge, and as we think correctly. It is true, the question of membership of each of these persons is a distinct question to be settled by the jury, but it no more requires separate trials for that reason, than many other cases that will readily occur. Take the case of an action in which several different individuals are sought to be charged as secret partners. The liability of each is to be separately established, but the evidence as to the whole case is to be submitted to one jury. So in the ordinary cases of trespasses, or other torts, alleged to have been committed by sundry individuals, each one is individually to be shown to have participated, and the case of one may differ from the others in mode of proof, but this does not authorize the demanding of a separate trial, as a matter of right. The whole case was therefore properly put to one jury. The result is, therefore, that upon the issue open to the parties Lamb, Moody, and Jenks, that of membership, they must be adjudged to have been members of the Goodman Paper Manufacturing Company.

Judgment for the plaintiffs.